# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Nellie M. Dowdy

    v.

Kathy Pierpont Pickral

September 25, 2009

Case No. CL09-191

BY JUDGE PAUL M. PEATROSS, JR.

Before the Court is the Demurrer and Motion to Dismiss filed by Kathy P. Pickral, which was argued before the Court on September 9, 2009. The Court took the matter under advisement to review the legal authorities.

*Allegations in Complaint*

Plaintiff Nellie M. Dowdy filed this claim of negligence against Defendant Kathy Pickral, who was employed by the University of Virginia Health System on June 18, 2007, and was charged with obtaining an x-ray in the Post Anesthesia Care Unit (PACU) of Plaintiff's pelvis and right hip. Plaintiff was admitted to the U. Va. Medical Center for injuries she suffered in a fall and underwent surgery on her right hip. Plaintiff asserts that Pickral was engaged in supervising Lauren M. Breeden, a trainee in the radiology department, at 2:00 p.m. on June 18, 2007.

Pickral directed Breeden to place a plastic board under Plaintiff Dowdy's pelvis, which Breeden did. Pickral failed to instruct Breeden to remove the board at the conclusion of the procedure and at some point left the PACU, leaving Breeden alone without supervision. After obtaining the x-ray, Breeden did not remove the board and Pickral neglected to inquire if Breeden had removed the board and neglected to return the board to its original location.

Plaintiff was delivered to the care of other nurses and other patient care assistants at 3:00 p.m., who failed to detect and remove the board until approximately 12 noon on June 19, 2007.

In paragraph 16 of the Complaint, Plaintiff also alleges that Pickral failed to meet the standard of care she should have provided to Nellie M. Dowdy by:

(a) Negligently failing to instruct Breeden to remove the plastic board after the x-ray procedure was concluded;

(b) Negligently failing to return to the PACU and check to see if Breeden had removed the plastic board;

(c) Negligently failing to remove the plastic board after taking the x-ray in the PACU;

(d) Negligently failing to recognize that the plastic board placed under Plaintiff was missing and not available after taking the x-ray;

(e) Negligently failing to follow up on the missing x-ray board, locate it, and return it to its proper place; and

(f) Negligently failing to advise the nurses on the floor that a patient was coming to the floor with a plastic board under her pelvis.

## Issues

1. If Pickral has sovereign immunity, can the Court dismiss the Plaintiff's negligence claim by sustaining Pickral's Demurrer?

2. If Pickral was acting as both a supervisor and an x-ray technician, does her function as a supervisor trump her function as an x-ray technician in granting sovereign immunity?

3. Does Pickral have sovereign immunity?

## Legal Authority and Analysis

In *Messina v. Burden*, 228 Va. 301 (1984), the Supreme Court held that a Demurrer on sovereign immunity could be sustained. The plaintiff claimed that the defendant's negligence was in the scope of his employment as a supervisor. The defendant filed a Demurrer based on the fact that sovereign immunity barred the negligence claim. The court sustained the Demurrer with leave to amend. The plaintiff then amended his motion to leave out the defendant's supervisory function. The defendant filed a plea of sovereign immunity in response and the Supreme Court granted immunity. The Supreme Court ruled the trial court did not err in sustaining the Demurrer to the first motion for judgment.

As to the second issue, it is possible that Kathy Pickral might be immune in one capacity and not immune in another. In *Lee v. Bourgeois*, 252 Va. 328 (1996), Dr. Bourgeois, an attending physician, oversaw the conduct of a number of resident physicians. He did not treat the patient or order treatment, but reviewed the recommended treatment of a previous attending physician and allowed it to stand unchanged. While he was responsible for making the final decisions in the patient's care, he took no direct actions. The Supreme Court of Virginia held that he had assumed the duties of caring for the patient and his role had changed from administrator or teacher to one of a doctor with a physician/patient relationship. Therefore, he was not entitled to the protection of sovereign immunity.

Likewise, in this Court's opinion in *Lilly v. Brink*, 52 Va. Cir. 182 (2000), the Court had to address a Plea of Sovereign Immunity on a vicarious liability claim and a direct negligence claim where it applied the four-part test in *James v. Jane*, 221 Va. 43 (1980). After application of the test, this Court concluded Dr. Philbrick failed the test as to the direct negligence claim, but passed as to the vicarious liability claim as he met all four factors in the *James* test. The Plea of Sovereign Immunity was sustained on the vicarious liability claim.

In *James*, the Supreme Court of Virginia articulated the following four-part test to determine when employees of the Commonwealth are entitled to sovereign immunity:

> (1) The nature of the function performed by the employee;
>
> (2) The extent of the state's interest and involvement in that function;
>
> (3) Whether the act complained of involved the use of judgment and discretion; and
>
> (4) The degree of control and direction exercised by the state over the employee.

221 at 53.

Therefore, this Court will address Pickral's conduct both in supervising Breeden and providing patient care to Plaintiff. This relationship is parallel to a supervising doctor over a resident as in *Lilly*. Applying the *James* factors:

As a supervisor/teacher:

(1) Function: Supervision and instruction of trainee, Ms. Breeden. As in *Lilly*, this conduct is analogous to that of a teacher or administrator and Ms. Pickral satisfies this factor.

(2) Government Interest: Provide an x-ray technician education so that U. Va. hospital is staffed with efficient and competent x-ray technicians. The State has a high interest in teaching and administrative functions related to training of physicians and technicians. Pickral's supervision over Breeden is an essential part of the training program. She satisfies this factor.

(3) Discretion: What is the level of discretion required of the employee in performing his or her function or act? Broad discretion in deciding how to train or teach is required. Ms. Pickral was exercising that discretion in the discharge of her function when the alleged negligent act occurred. She satisfies factor three.

(4) Control: Although not stated in the Complaint, this Court heard evidence the same day in *Dowdy v. Commonwealth of Virginia et al.*, Case No. CL09-49 that Ms. Breeden, and by inference, Ms. Pickral, did not have the right to decline patients, the State decides what equipment to use, and there is no direct compensation from the patients to Ms. Breeden, and by inference, none to Ms. Pickral. She satisfies factor four.

Therefore, Ms. Pickral passes the four-part test under *James* and is entitled to sovereign immunity as a supervisor/teacher.

As an x-ray technician:

(1) Function: What function did the government employee allegedly negligently perform? It was patient care. Pickral negligently failed to take x-rays properly as ordered by the doctor for the patient. Specifically, Pickral negligently failed to remove the board from the Plaintiff's bed. As in *Lilly*, if the conduct is analogous to that of a private physician, the function performed does not entitle her to protection and this factor is not satisfied.

(2) Government Interest: The State has very little interest in patient care. In *James*: "The state's interest and the state's involvement, in its sovereign capacity, in the treatment of a specific patient by an attending physician in the University Hospital are slight. . . . A failure to use such care in the treatment of patients is a violation of their duty to the patients and a departure from a condition of their employment. A physician who fails to use reasonable care in the treatment of a patient acts at his own risk and is not entitled to invoke the doctrine of sovereign immunity." *James* at 54-55. This factor is not satisfied.

(3) Discretion: What is the level of discretion required of the employee in performing his or her function or act? The x-ray technician has discretion on how to administer the x-rays. But, in this case, it is the failure to remove

the board by a trained, experienced technician that is the negligent act. Moreover, the policy behind the discretion prong is to prevent the threat of litigation from interfering with an employee's use of discretion in performing her function. Pickral's failing to remove the board is not the kind of act that this policy is designed to protect. Kathy Pickral does not satisfy this factor. It was a ministerial act.

(4) Control: She satisfies this factor. She does not have the right to decline patients, the state decides which equipment she uses, and there is no direct compensation.

In conclusion, she is not entitled to sovereign immunity for her acts as an x-ray technician. Specifically, paragraph 16, sub-paragraphs (b) through (f), cover her acts of negligence, which are not protected by the doctrine of sovereign immunity. Therefore, the Demurrer is sustained in part and overruled in part for the reasons stated.